## 10397

### SUNSHINE *ET AL.* v. FURTICK.

(102 S. E. 784.)

1. CONTRACTS—CONTRACTS IN UNAMBIGUOUS CORRESPONDENCE CONSTRUED BY COURT ALONE.—Where contract is contained in correspondence which is unambiguous, the Court alone should construe the same.

2. SALES—CORRESPONDENCE HELD TO SHOW CONTRACT TO SELL TWO LOTS OF SHIRTS.—Correspondence *held* to show contract by plaintiff to sell defendant two lots of shirts, one to be shipped immediately, and others about two weeks later, payment to be made within ten days after receipt.

3. EVIDENCE—DEFENDANT HAS BURDEN OF PROVING HIS COUNTERCLAIM.—Defendant has the burden of proving his counterclaim.

4. SALES—PARTY RELYING ON BREACH OF CONTRACT TO MAKE SECOND SHIPMENT MUST SHOW PERFORMANCE.—Where plaintiff agreed to sell defendants two lots of shirts, one to be shipped at once, and the other about two weeks later, if received, payment to be made within ten days, defendant cannot by counterclaim recover damages for plaintiff's failure to make the last shipment without showing performance on his part and payment.

Before WHALEY, County Judge, Richland, March term, 1918. Reversed.

Action by Herman D. Sunshine, Benjamin Sunshine and Joaquin Cartada, copartners in trade, doing business under the name of Sunshine Bros. & Co., against William F. Furtick. From a judgment for defendant on his counterclaim, plaintiffs appeal.

*Messrs. D. C. Ray* and *Archibald W. Ray,* for appellants, submit: *That it was the duty of the Court to construe the written contract which was plain and unambiguous:* 17 S. C. 479; 22 S. C. 288; 24 S. C. 497; 103 S. C. 500; 88 S. E. 360. *It is not competent for a party to testify as to the understanding which he had of a written contract where the contract is not ambiguous:* 46 S. C. 220. *The purpose of the construction of contracts is to ascertain the intent of the parties as gathered from the whole instrument, and to give effect, if possible, to all portions and clauses thereof:* 102 S. C. 342; 85 S. E. 1054; 104 S. C. 380-1; 89 S. E. 358; 109 S. C. 112; 95 S. E. 342. *A written instrument cannot be varied or supplemented on parol:* 106 S. C. 42-3; 90 S. E. 319. *Appellants were excused from delivering the second lot of shirts contracted for by reason of defendant's failure to pay for the first lot according to the terms of the contract:* Mechem on Sales, vol. II, pp. 1000-1003, secs. 1147, 1149; (1892) 134 N. Y. 92; 31 N. E. Rep. 119; (1894) 149 Ill. 138; 87 Ill. 272; 80 Ill. 494; 174 N. Y. Sup. 13 (Advance Sheets); 148 N. Y. 81; 42 N. E. 516; 140 N. Y. 287; 35 N. E. 689; 137 N. Y. 471; 33 N. E. 561; 195 N. Y. 118; 88 N E. 24; 21 L. R. A. (N. S.) 864. *"A buyer not having made payments in accordance with terms of sale contract, cannot recover for seller's breach in failing to continue deliveries:"* 174 N. Y. Sup. 15 (Adv. Sheets).

*Mr. R. Y. Kibler,* for respondent, submits: *That the construction of a written paper is a question of law for the Court when it is plain and unambiguous. On the other*

*hand, it is a general and fundamental principle of the law to leave doubtful, confusing and ambiguous writings for the jury to interpret:* 45 S. E. 713; 119 Ga. 1; 52 S. E. 250; 140 N. C. 52; 84 S. E. 226; 15 Ga. App. 794. *"It is well settled rule that when the construction to be given a contract is rendered doubtful by the language thereof, the interpretation which the parties have placed upon its language is entitled to great weight:"* 81 S. C. 10; 61 S. E. 1027.

April 12, 1920.

The opinion of the Court was delivered by Mr. Justice Gage.

The plaintiffs, Sunshine & Co., merchants at New York, sued the defendant, Furtick, merchant at Columbia, to recover $195.25, the purchase price of 35½ dozen shirts sold by the plaintiff to the defendant. The defendant admitted his liability to pay $107.75 of the amount claimed, and that has now been paid and is out of view. The defendant denied liability for the balance of $87.50 of the account, and that is the matter at issue.

The defendant does not deny that the price of the shirts is correctly laid at $195.25; but his contention is that the plaintiff contracted to sell him also 25 dozen other shirts which they wrongfully declined to perform, to his damage in a sum equal to the balance of $87.50, and he set so much up by counterclaim.

The jury found for the defendant, and the plaintiffs have appealed.

The defendant visited the plaintiffs' stores in New York, saw the shirts, and there was then talk of a purchase and sale betwixt them of two lots of shirts, one of 35 dozen at $5.50 per dozen, those that were thereafter delivered, and another lot of 25 dozen at a higher price. But all that which was said at that interview is now out of view; for shortly subsequent thereto the whole transaction was concluded by four letters which speak for themselves. The Court so properly ruled.

The rights of the parties must be governed by the letters and the Court was bound to construe the letters. The Court ruled that it was generally the duty of a Court to construe a written contract; but in the present instance the Court left it to the jury to find what the parties meant by the letters because they were ambiguous. That was error, for the letters are free from ambiguity. The Court ought to have construed them.

The letters are dated March 30th, March 31st, April 3d, and April 5th; and the last three are expressly in answer to that which went before it.

By the first letter Furtick offered to buy both lots of shirts, "3% off, 10 d/s," check on receipt of goods.

By the second letter Sunshine & Co. declined to sell on credit, because they were not satisfied with Furtick's commercial rating; but they expressed a willingness to sell for cash 5 per cent. off.

By the third letter Furtick offered to buy both lots of shirts, 7 per cent. off, with sight draft and bill of lading attached. He added that "as a guaranty of his good faith" he inclosed a check for $25, and he directed thus about the check. If his offer should be accepted credit the $25 check on invoice price; it his offer should not be accepted, return the check. Up to this point there was no contract, but only proposals.

But the fourth letter Sunshine & Co. returned the check, and they declined to allow 7 per cent. off. But, moved by the good faith of Furtick in sending the check, Sunshine & Co. consented to open an account with Furtick—that is, to credit him—and on that day Sunshine & Co. shipped to Furtick 35 dozen shirts as $5.50, "and you can remit us for this lot 3 per cent. 10 days, *as per your letter of 30th March ultimo*, which we trust is satisfactory." The italics are supplied. The writer further said: "With reference to the lot of 25 dozen C. M. at $7.00, what we had on the floor has already been disposed of, and we are waiting another lot

from the factory, and as soon as it comes, which will be in the course of the next two weeks, we shall be pleased to ship your order."

This was an acceptance by Sunshine & Co. of the terms proposed by Furtick in the first letter, and that was to sell him on open account two lots of shirts, one lot sent presently and another lot to be sent in about two weeks if the same could be got from the factory within that time.

Sunshine & Co. testified that this "proposition" made by them in the fourth letter was never accepted by Furtick; but so much is not correct. Furtick had ordered the same goods at the same price by the first letter, and Sunshine & Co. had declined to fill the order only because Furtick's credit was not good. Sunshine & Co. relented in the fourth letter, and in that letter expressly referred to the first letter, and by necessary implication it was an acceptance of the first letter; the minds of the contractors met then on terms of payment, the only circumstance that had divided them.

The terms of payment were "3% 10 d/s." Sunshine wrote Furtick on April 21st that Furtick's contract was to "remit to us 10 days after they (the goods) were received." So much is an explanation of "10 d/s." The other symbol, "3%" means that, if so paid in "10 d/s," 3 per cent. should be deducted from the price.

It does not appear when the first lot was received by Furtick; but it does appear that payment therefor was not made until after this action was commenced in October, 1917.

The transaction thus established is a single contract by Sunshine & Co. to sell to Furtick two lots of shirts; it is not two contracts to sell two lots of shirts. *Norrington v. Wright,* 115 U. S. 188, 6 Sup. Ct. 12, 29 L. Ed. 366. The issues of fact and of law thus made are : (1) Did Sunshine & Co. rescind the contract? and (2) did they have the right to do so?

There is no denial but that Furtick is due to pay for the

first lot of shirts.    The issue arises on his demand for damages for the failure of Sunshine & Co. to deliver the second lot of shirts.   For that alleged wrong Furtick is the acting plaintiff.    He sues (by counterclaim), and he must prove his case.

The answer which sets up the counterclaim alleges that Sunshine & Co. have refused to carry out the contract. 'So much for the fact of rescission.

The case thus falls squarely under *Norrington v. Wright, supra*, and the second issue, that of law, is settled by this quotation from that case: "The plaintiff (Furtick), denying the defendants' (Sunshine & Co.) right to rescind, and asserting that the contract was still in force,'was bound to show such performance on his part as entitled him to demand performance on their part, and, having failed to do so, cannot maintain this action."

The instant case is differentiated from *Collins v. Hewlett*, 109 S. C. 245, 95 S. E. 511, by the facts of it.

There was no issue for the jury, and the Court ought to have directed a verdict for the plaintiff, and must yet do so.

The judgment is reversed.